IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Fred Freeman, #235180, | ) | C.A. No.: 9:19-cv-02062-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Director Stirling; Deputy Director McCall; Warden Davis; Associate Warden Andrea Thompson; Operation Coord. John or Jane Doe; Emettu Lillian, P.R.N.; Wanda Sermons; Medical Director John or Jane Doe; and South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Fred Freeman ("Freeman"), a state prisoner, proceeding pro se, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). (DE 1.) Defendants filed a motion to dismiss for failure to state a claim or in the alternative motion for summary judgment. (DE 72.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

As the Plaintiff is proceeding *pro se*, the court issued an order on or about June 16, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to the motion. Plaintiff filed a response in opposition on July 6, 2020. (DE 77,) Plaintiff filed a second response in opposition on July 8, 2020. (DE 79.) Thereafter, Magistrate Judge Cherry issued a Report and Recommendation, recommending Defendants' motion to dismiss for failure to state a claim or in the alternative motion for summary judgment be granted. (DE 105.)

Freeman filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Freeman's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Freeman's objections are without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein by reference.

It is therefore **ORDERED** that the Defendants' motion to dismiss for failure to state a claim or in the alternative motion for summary judgment (DE 72) be granted.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

February 18, 2021
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.