IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Fred Freeman, #235180, | ) | C.A. No.: 9:19-cv-02062-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Director Stirling; Deputy Director McCall; Warden Davis; Associate Warden Andrea Thompson; Operation Coord. John or Jane Doe; Emettu Lillian, P.R.N.; Wanda Sermons; Medical Director John or Jane Doe; and South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Fred Freeman's ("Freeman") Motion to Alter Amend the Judgment. (DE 117.) For the reasons below, the Court **DENIES** the motion for reconsideration.

Freeman, a state prisoner, proceeding pro se, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (DE 1.) Freeman seeks to amend the Court's Order granting the Defendants' motion to dismiss for failure to state a claim or in the alternative motion for summary judgment. (DE 114.)

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

Plaintiff's motion for reconsideration craves reference to his memorandum of law but does not identify either an intervening change in controlling law, new evidence not available at trial, or a clear error or law. Because Freeman has not articulated a proper ground for the relief requested, the Court denies Plaintiff s motion to alter or amend.

For the abovementioned reasons, the Court **DENIES** Plaintiffs motion to alter or amend.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

May 12, 2021
Greenville, South Carolina